```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

TERRY OF THE FAMILY PARKS,     )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:16-cv-568 (JCC/TCB)
                               )
THE COMMONWEALTH OF VIRGINIA   )
DEPARTMENT OF SOCIAL SERVICES  )
CHILD SUPPORT ENFORCEMENT      )
SERVICES,                      )
                               )
     Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

This *pro se* Complaint is before the Court on Defendant's motion to dismiss for failure to serve process, lack of subject matter jurisdiction, Eleventh Amendment immunity, and failure to state a claim upon which relief can be granted.  [Dkt. 6.]  For the reasons described below, the Court will grant the motion to dismiss due to Defendant's immunity under the Eleventh Amendment of the U.S. Constitution.

I.  **Background**[1]

On April 18, 2014, the Commonwealth of Virginia Department of Social Services, Division of Child Support Enforcement ("DCSE") issued an administrative support order to Plaintiff Terry Parks ("Plaintiff" or "Parks").  (*See* Def.'s Ex. 1 [Dkt. 6-3].)[2]  The order obligated Parks to pay approximately $500 a month to Rolanda Green to support their young daughter.  (*Id.* at 1.)[3]  Rolanda is the custodial parent and is not a party to this lawsuit.  Parks paid his support dutifully for approximately nine months before falling into arrears.  (*See* Def.'s Ex. 2 [Dkt. 6-4]

---

[1] Parks improperly dedicates the majority of his Complaint to legal argument, rather than describing the facts necessary to support the claims he asserts.  Nonetheless, the Court interprets the Complaint liberally in his favor. *See Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).  The Court accepts the facts alleged as true and views the Complaint in the light most favorable to Parks. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  The Court does not, however, accept as true legal conclusions disguised as factual allegations, "naked assertions" or "unadorned conclusory allegations." *Vitol, S.A. v. Primerose Shipping Co. Ltd.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

[2] Although Parks did not attach the Administrative Support Order to his Complaint, that Order is the impetus for this lawsuit and its authenticity has not been challenged. (*See generally* Pl.'s Mem. in Opp'n [Dkt. 7].)  Accordingly, the Court may consider that document in this motion to dismiss. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) ("[I]t is well established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic.'" (quoting *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

[3] Citations to page numbers within exhibits refer to the pagination assigned by the Electronic Case Management system.

at 2.)[4]  He paid off the arrears and interest over the next five months, only to again fall into arrears in March 2016.  (*Id.*)  As of June 15, 2016, Parks owed $6,330 in arrears and interest on his child support payments.  (*Id.* at 1.)

Parks contends that his child support payments result in Green "receiving a huge financial windfall, or profit in excess of child costs" and leave him "in poverty" and with "less income than needed for basic living needs."  (Compl. ¶¶ 31, 32.)  The financial burden of the payments forces Parks to "work extra jobs."  (Compl. ¶¶ 32, 34.)  Additionally, the payments allegedly are not in the best interest of the child because they exceed the costs of caring for the child.  (Compl. ¶ 31.)

Parks, proceeding *pro se*, filed this Complaint pursuant to 42 U.S.C. § 1983, alleging that the foregoing facts demonstrate DCSE violated his constitutional, statutory, and biblical rights, including: Article 1, Sections 1, 2, 6, and 23 of the Virginia Constitution; the Fourth Amendment of the U.S. Constitution's Unreasonable Seizures Clause; the Fifth Amendment's Due Process Clause; the Fifth Amendment's Takings Clause; the Fourteenth Amendment's Equal Protection Clause; Substantive Due Process under the Fourteenth Amendment; Revelation 13:16's discussion of the "Mark of the Beast"; and 42 U.S.C. § 408(a)(8)'s criminalization of

---

[4]   Reference to this document is proper for the same reasons stated in footnote 2.

social security fraud. As a remedy, Parks seeks damages of $500,000 from DCSE. (Compl. ¶ 38.)

On June 15, 2016, DCSE moved to dismiss the Complaint for improper service of process, lack of subject matter jurisdiction, Eleventh Amendment immunity, and failure to state a claim upon which relief can be granted.[5] Parks responded to the motion to dismiss on June 28, 2016. Thereafter, DCSE timely waived any oral argument on this motion. Parks has not moved for an oral argument or objected to Defendant's waiver of oral argument. Accordingly, the Court will exercise its authority under Local Civil Rule 7(J) to rule upon this motion with an oral hearing. This motion is now ripe for disposition.

## II. Standard of Review

Defendant moves to dismiss this case pursuant to its immunity under the Eleventh Amendment. The Fourth Circuit has not clarified "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *See Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000). "Although subject matter jurisdiction and sovereign immunity do not coincide perfectly, there is a recent trend among the district courts within the Fourth Circuit to

---

[5] The motion to dismiss included the notice required by Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (*See* Notice [Dkt. 6-1].)

4

consider sovereign immunity under Rule 12(b)(1)." *Trantham v. Henry Cty. Sheriff's Office*, No. 4:10-cv-00058, 2011 WL 863498, at *3 (W.D. Va. Mar. 10, 2011) (citing cases); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-94 (4th Cir. 2010) (affirming dismissal pursuant to 12(b)(1) due to Eleventh Amendment immunity). Therefore, the court will consider this motion on Eleventh Amendment grounds pursuant to Rule 12(b)(1).  A defendant asserting its state sovereign immunity from suit bears the burden of demonstrating its entitlement to that immunity.  *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014).

Defendant also moves to dismiss this case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  When reviewing this motion, the Court "must accept as true all of the factual allegations contained in the complaint," and draw "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  The court does not, however, assume the veracity of "labels and conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009), or legal conclusions drawn from the facts alleged, *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008).

### III.   Analysis

As an initial matter, the Court notes that this § 1983 case arises under the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Contrary to Defendant's argument, the "Domestic Relations Exception" does not divest this Court of jurisdiction.  Courts construe that doctrine to limit a federal court's authority in cases involving decrees of divorce, alimony, or child support.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).  It is well recognized, however, that "the domestic relations exception 'is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction.'"  *Reale v. Wake Cty. Human Servs.*, 480 F. App'x 195, 197 (4th Cir. 2012) (quoting *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997)).  Thus, the Domestic Relations Exception does not affect jurisdiction over this case arising under the federal law of 42 U.S.C. § 1983.  *See id.*; *Kanode v. Swope*, No. 1:09-cv-1530, 2012 WL 4508138, at *7 (S.D.W. Va. Sept. 28, 2012); *Briggman v. Va. Dept. of Social Servs., Div. of Child Support Enforcement*, 526 F. Supp. 2d 590, 598 (W.D. Va. 2007).

For the reasons described below, the Court finds that Defendant is immune from suit due to the Eleventh Amendment of the

U.S. Constitution.[6]  Accordingly, the Court will dismiss this case without prejudice.  Even if Defendant was not immune, the Court would dismiss this case because Defendant is not a "person" within the meaning of 42 U.S.C. § 1983.

Pursuant to the long-applied interpretation of the Eleventh Amendment,[7] "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity."  *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982); *Lee-Thomas v. Prince George's Cty. Public Sch.*, 666 F.3d 244, 248 (4th Cir. 2012).  As several courts have concluded, the Virginia Department of Social Services is a state department protected by the Eleventh Amendment.  *See Krieger v. Loudoun Cty., Dep't. of Social Servs.*, No. 5:13-cv-73, 2014 WL 4923904, at *3 (W.D. Va. Sept. 30, 2014), *aff'd* 599 F. App'x 112 (4th Cir. 2015); *Bd. of Supervisors of Warren Cty. v. Va. Dep't of Social Servs.*, 731 F. Supp. 735, 738 (W.D. Va. 1990); *see also Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (finding county-level social services department protected by Eleventh

---

[6]  Because this is a dispositive ground for dismissal, the Court will not reach Defendant's argument that service was improper.  *See*

[7]  The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "Although the Amendment does not literally apply to actions brought against a State by its own citizens, the Amendment long has been held to govern such actions."  *Treasure Salvors*, 458 U.S. at 683 n.17.

Amendment); *Shipway v. Jerlinksi*, No. 5:11-cv-112, 2012 WL 1622395, at *5 (W.D. Va. Apr. 13, 2012) (same).  Virginia statute creates the Department of Social Services within the executive branch and grants the supervising Commissioner authority to create divisions, such as the Division of Child Support Enforcement.  *See* Va. Code §§ 63.2-200, 63.2-209.  The DCSE is also akin to a state department, as it has no authority or identity other than that derived from the State and the Department of Social Services.  *Godwin v. State of Va. Child Support Enforcement Div.*, No. 3:02-cv-421, 2002 WL 32349403, at *2 (E.D. Va. Aug. 30, 2002), *aff'd* 58 F. App'x 998 (4th Cir. 2003) (finding DCSE protected by Eleventh Amendment).  Accordingly, the Eleventh Amendment bars this suit unless Virginia waived its sovereign immunity or Congress validly abrogated that immunity.  *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (recognizing two circumstances in which an individual may sue a State).

  Parks makes no argument that DCSE expressly consented to being sued in federal court or affirmatively invoked this Court's jurisdiction.  Instead, Parks contends that DCSE is amendable to suit because it participates in the private commercial marketplace by collecting $25 fees from its "customers."  The Supreme Court, however, has rejected the argument that market participation by a State gives rise to a constructive waiver of sovereign immunity.

8

In *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666 (1999), the plaintiff argued that constructive waiver is possible "where a State runs an enterprise for profit, operates in a field traditionally occupied by private persons or corporations, engages in activities sufficiently removed from 'core [state] functions,' or otherwise acts as a 'market participant' in interstate commerce." *Id.* at 680 (internal citations omitted) (alteration in original).  The Supreme Court ruled that such actions are far from the "clear declaration" of consent to jurisdiction that is necessary to waive sovereign immunity.  Thus, the Eleventh Amendment continues to apply "whether or not the State is acting for profit, in a traditionally 'private' enterprise, and as a 'market participant.'" *Id.* at 687.  Accordingly, even if DCSE did make a profit from its $25 fees, that market activity would not constructively waive its sovereign immunity under the Eleventh Amendment.

Parks does not argue that Congress abrogated state sovereign immunity over § 1983 lawsuits, nor would that argument succeed.  It has "long been settled" that Congress's enactment of 42 U.S.C. § 1983, which Plaintiff relies upon here, did not abrogate Eleventh Amendment immunity.  *See In re Sec'y of the Dep't of Crime Control & Public Safety v. Blackwood*, 7 F.3d 1140, 1149 (4th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

In sum, every court known to have considered the nature of the Virginia Department of Social Services and its Division of Child Support Enforcement has determined that those entities are arms of the State of Virginia protected by Eleventh Amendment immunity. This Court reaches the same conclusion. Furthermore, there is no basis to conclude that Virginia waived its sovereign immunity or that Congress abrogated that immunity through the passage of 42 U.S.C. § 1983. Accordingly, the Court will dismiss the Complaint.

Even if sovereign immunity did not bar this lawsuit, the Court would nonetheless dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). To state a valid claim under § 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a constitutional or federal statutory right. 42 U.S.C. § 1983. It is well known that "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). That rule extends to state agencies. *See id.; Manning v. S.C. Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 48 (4th Cir. 1990). As the Virginia Department of Social Services, Division of Child Support Enforcement is certainly a state agency, it is not a "person" subject to suit under 42 U.S.C. § 1983. *See Lewis v. Div. of Child Support Enforcement*, No. 3:10-cv-894, 2013 WL 5322830, at *2 (E.D. Va. Sept. 23, 2013) (denying § 1983 claim against Division of Child Support Services because it "is not a 'person' under § 1983"); *see*

10

*also Sons v. Trompeter*, No. 7:12-cv-264, 2012 WL 2450563, at *1 (W.D. Va. June 27, 2012) (finding local social services department not a "person"); *Doe v. Mullins*, No. 2:10-cv-0017, 2010 WL 2950385, at *1 (W.D. Va. July 22, 2010) (same). Accordingly, even if sovereign immunity did not bar this suit, Plaintiff has failed to state a claim upon which relief can be granted.[8]

### IV. Conclusion

For the foregoing reasons, the Court will grant the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement's motion to dismiss.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 17, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[8] Additionally, Plaintiff's claims under state and ecclesiastical law are not cognizable under 42 U.S.C. § 1983, which only provides a remedy for federal constitutional and federal statutory violations. *See Clark v. Link*, 855 F.2d 156, 161, 163 (4th Cir. 1988).

11